# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Joanne Yeoman, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher Doerfler, | ) | Case No. 1:15-cv-024 |
| | ) | |
| Defendant. | ) | |

This action arises out of plaintiff's dissatisfaction with defendant's representation of her son in a criminal case filed in La Cross County, Wisconsin. Before the court are a "Rule 12(B)Motion to Dismiss" and a "Motion to Strike Amended Complaint" filed by defendant. Also before the court is a "Motion for Preliminary Injunction" filed by plaintiff's son, Adam Yeoman. For the reasons set forth below, the "Motion to Strike Amended Complaint" is granted as is the "Rule 12(B) Motion to Dismiss" in part. The "Motion for Preliminary Injunction" is deemed moot.

## I. BACKGROUND

According to plaintiff, her son, Adam Yeoman (hereinafter referred to simply as "Adam"), was charged in La Crosse County, Wisconsin, in connection with his role in an attempted armed robbery of a tavern in 2008. Adam entered a guilty plea after the trial court denied his motions to suppress and was subsequently sentenced to 25 years in prison and 15 years of extended supervision. His conviction and sentence were affirmed on direct appeal by the Wisconsin Court of Appeals.

Plaintiff initiated the above-entitled action in March 2015[1] against defendant, a Wisconsin

---

[1] On March 2, 2015, plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket No. 1). Concluding that she did not financially qualify to proceed *in forma pauperis*, the court denied her motion in an order dated March 26, 2015. (Docket No. 4). On March 26, 2015, plaintiff paid the filing fee and filed her complaint.

attorney that she purportedly hired in 2009 to assist in Adam's plea negotiations and represent Adam on appeal. In her complaint she asserts claims against defendant for breach of contract, intentional infliction of emotional distress, and unfair business practices under Wisconsin statute. She alleges that defendant mishandled Adam's direct appeal by failing to file suppression hearing transcripts with the Wisconsin Court of Appeals, respond to the arguments made by the State to the Wisconsin Court of Appeals regarding evidence collection, and timely petition the Wisconsin Supreme Court for further review once the Wisconsin Court of Appeals had affirmed Adam's conviction and sentence. As the basis for this court's exercise of jurisdiction, she cites 28 U.S.C. § 1332.

On August 28, 2015, defendant filed a motion to dismiss plaintiff's complaint on the grounds that the amount in controversy does not meet the jurisdiction threshold of $75,000, that this court lacks personal jurisdiction over him, that North Dakota is not an appropriate forum for this dispute, that plaintiff has failed to state claims for which relief may be granted, and that plaintiff has failed to join an indispensable party, i.e., his law firm.

On September 29, 2015, plaintiff filed a response in opposition to defendant's motion to dismiss along with an amended complaint in which she: (1) joins Adam as a co-plaintiff; (2) joins defendant's law firm as a defendant; and (3) and asserts an additional claim for fraudulent representation. On October 8, 2015, Adam filed what is styled as a motion for preliminary injunction.

On October 30, 2015, defendant filed a motion to strike the amended complaint along with a reply in support of his motion to dismiss. On November 2, 2015, he filed a response to Adam's motion for preliminary injunction.

## II.    DISCUSSION

### A.    Subject Matter Jurisdiction

District courts have original diversity jurisdiction over civil actions when: (1) the matter in controversy exceeds $75,000; and (2) there is complete diversity of the parties, that is, all of the plaintiffs have citizenship different from that of all defendants.  28 U.S.C. § 1332(a); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing Caterpillar Inc., 519 U.S. at 68); Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

#### 1.    Diversity of Citizenship

Here, plaintiff filed an amended complaint in which she addresses one of the issues raised by defendant in his motion for dismissal–the inclusion of his law firm as a party defendant. However, she made another crucial change that, at first blush, appears to destroy subject matter jurisdiction.

Plaintiff's amended complaint joins Adam as a co-plaintiff.  Adam and defendant both hail from Wisconsin.  See McCracken v. Murphy, 328 F. Supp. 2d 530, 50 (E.D. Pa. 2004) ("For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state.").  Consequently, Adam's inclusion in this action would mean that there is no longer complete diversity of citizenship between the parties and, extension, no longer a basis for this court's exercise of subject matter jurisdiction.

However, this court finds itself in a novel position.  Defendant has filed a motion requesting

that the court strike plaintiff's amended complaint, albeit not for the purpose of "restoring" diversity

of citizenship between the parties and preserving subject matter jurisdiction but rather for what he

asserts is plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 15(a). Plaintiff has

yet to file a response to defendant's motion. Her silence may be deemed an admission that the

motion is well taken. <u>See</u> D.N.D. Civ. L.R. 7.1(F). Moreover, as she was the one who initiated this

action in this court, it would stand to reason that she would not intentionally set out to destroy this

court's subject matter jurisdiction.

Fed. R. Civ. P. 15(a) provides the following with respect to amendments to pleadings prior

to trial:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a
> matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days
> > after service of a responsive pleading or 21 days after service of a motion
> > under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with
> the opposing party's written consent or the court's leave. The court should freely give
> leave when justice so requires.

Rule 15(a)(1)(B) governs in this instance given particulars of this case.

The record evinces that defendant filed a Rule 12(b) motion with the court on August 28,

2015. Thus, under Rule 15(a)(1)(B), the 21 day for filing an amended complaint as a matter of court

would have expired on September 18, 2015. <u>See</u> <u>e.g.</u>, <u>Kieffer v. Tundra Storage, LLC</u>, No. 14-3192,

2015 WL 5009012, at * (D. Minn. Aug. 21, 2015) (calculating the 21–day time window in which

to amend as a matter of course from the filing of the earliest responsive pleading or motion under

Rule 12(b), (e), or (f)).

Plaintiff filed her amended complaint on September 29, 2015, or well outside this 21-day window, without defendant's consent or leave of court. Defendant's motion to strike the amended complaint (Docket No. 21) is therefore **GRANTED**. As Adam is not a party to this action, his motion for preliminary injunction (Docket No. 15) is deemed **MOOT**. The undersigned shall next address defendant's assertion regarding the amount in controversy.

### 2. Amount in Controversy

Defendant asserts that this court lacks subject matter jurisdiction on account of the fact that the real amount in controversy is less than $75,000. In so doing he points out that the amount of damages claimed by plaintiff in her pleadings is $55,000, or the amount she allegedly agreed to pay him to represent Adam.

The court finds that defendant's assertion specious. On close inspection, it apparent that plaintiff is seeking to recover damages well in excess of $75,000. Specifically, she is seeking to recover twice the amount she claims to have paid defendant along with punitive damages. (Docket No. 5). The amounts that plaintiff claims to have paid defendant as well as her ability to "double her damages" is in dispute. That being said, her demands are facially sufficient to satisfy the amount in controversy requirement. Cf. Sutter v. Aventis Cropscience USA Holding, Inc., 145 F. Supp. 2d 1050, 1052 (S.D. Iowa 2001) (commenting that courts generally look to the face of the state pleadings and consider requests for punitive damages when determining whether the amount in controversy requirement has been satisfied"); Feller v. Hartford Life and Acc. Ins. Co, 817 F. Supp.2d 1097, 1102 (S.D. Iowa 2010) ("If punitive damages are recoverable as a matter of state law . . . then subject matter jurisdiction is met unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." (internal citations and quotation marks omitted)). This does not end the court's jurisdictional analysis, however.

## B.     Personal Jurisdiction

Defendant asserts that this court lacks personal jurisdiction over him an account of the fact that he has no ongoing activity in and otherwise has no meaningful contact with North Dakota, the forum state. Notably, plaintiff does not directly address these assertions in her response. Rather, she appears to take the position that this court has personal jurisdiction over defendant by operation of Fed. R. Civ. P. 4(e)(2).[2]

To survive a motion to dismiss for lack of personal jurisdiction, plaintiff must make a prima facie showing that personal jurisdiction exists. See Digi-tel Holdings, Inc., v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). There are two broad types of personal jurisdiction–general personal jurisdiction and specific personal jurisdiction. Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state." Id. "General jurisdiction, on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Id.

"Personal jurisdiction exists in the federal district of North Dakota if (1) the North Dakota long-arm statute is satisfied and (2) the exercise of jurisdiction over defendants would not violate the due process clause of the Fourteenth Amendment." Drayton Enterprises, L.L.C. v. Dunker, 142 F. Supp. 2d 1177, 1182 (D.N.D. 2001). As North Dakota's long-arm statute has been interpreted to permit the exercise of personal jurisdiction to the fullest extent permitted by due process, "this court is constrained only by the dictates of due process." Id.

"Due process requires that the defendant purposefully establish 'minimum contacts' in the

---

[2] Fed. R. Civ. P. 4(e) simply sets forth the requirements for serving someone within a judicial district. It does not confer the court with either personal or subject matter jurisdiction were none otherwise exists.

forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend 'traditional conceptions of fair play and substantial justice.'" K-V-Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 593 (8th Cir. 2011) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 464 (1985)); see also Walden v. Fiore, __ U.S. __, 134 S. Ct. 1115, 1122 (2015) ("We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). These contacts must be more than "random, fortuitous, or attenuated." Digi-tel Holdings, Inc., 89 F.3d at 522 (internal quotation marks omitted). Rather, defendant "must have engaged in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." K-V- Pharm. Co., 648 F.3d at 593. With these principles in mind, the Eighth Circuit has identified five factors for courts to consider when determining the sufficiency of a defendant's contacts with the forum state:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Id. "The first three factors are of primary importance, and the last two are 'secondary factors.'" Digi-tel Holdings, Inc., 89 F.3d at 522.

Having considered these factors, it is clear to the court that, whatever contact defendant may have had with North Dakota, it is not sufficient enough to satisfy due process requirements. Plaintiff does not allege and there is nothing record to otherwise suggest that defendant has had any contact with North Dakota other than filing a responsive pleading in the above-entitled action. Defendant is a Wisconsin resident. His law practice is physically located in Wisconsin. He was served by plaintiff in Wisconsin. All of the conduct giving rise to this action–Adam's criminal conduct, the

retention of defendant in Adam's criminal case, and defendant's representation of Adam–occurred in Wisconsin.  Plaintiff's claims arise out of or otherwise call for the application of Wisconsin law.

Plaintiff is the only apparent link between defendant and this forum. It is well settled that a defendant's relationship with a plaintiff, standing alone, is an insufficient basis for jurisdiction. See Walden, 134 S. Ct. at 1122-1123.

In sum, none of defendant's alleged conduct connects him to North Dakota in any meaningful way.  Consequently, this court lacks personal jurisdiction over defendant.  As such, the court need not address the remaining grounds for dismissal asserted by defendant in his motion to dismiss.

### III.    CONCLUSION

Defendant's "Motion to Strike Amended Complaint" (Docket No. 21) is **GRANTED**. Adam's "Motion for Preliminary Injunction" (Docket No. 15) is deemed **MOOT**.  Defendant's "Rule 12(B)Motion to Dismiss" (Docket No. 9) is **GRANTED IN PART**.  The above-entitled action is **DISMISSED** without prejudice for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Date this 1st day of December, 2015.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court